```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT

MICHAEL JOHNSON AND              :
SUSAN JOHNSON,                   :
                                 :
          Plaintiffs,            :
                                 :
          v.                     :        Case No. 2:14-cv-243
                                 :
THIBAUD WALLAERT,                :
                                 :
          Defendant.             :
```

## OPINION AND ORDER

Plaintiffs Michael and Susan Johnson allege that Defendant Thibaud Wallaert negligently failed to maintain property on which Michael Johnson slipped and fell.  Plaintiffs filed their Complaint in state court, and Defendant Wallaert removed the case to this Court on the basis of diversity jurisdiction.  Plaintiffs now move to remand and to strike to exhibits submitted with the Notice of Removal.  As set forth below, Wallaert has met his burden of establishing subject matter jurisdiction, his exhibits were properly submitted, and Plaintiffs' motions are **denied.**

## Factual Background

Michael and Susan Johnson are citizens of Massachusetts. Mr. Johnson's alleged slip and fall occurred in Wardsboro, Vermont.  The Complaint alleges "upon information" that Wallaert is a resident of New York and owned the Vermont property where Mr. Johnson fell.  In his Notice of Removal, Wallaert asserts that he is a resident of Boynton Beach, Florida.  The Notice also cites a letter from the Johnsons' attorney demanding the limit of

Wallaert's insurance policy.  That policy limit exceeds the jurisdictional threshold of $75,000.  *See* 28 U.S.C. § 1332(a).

The Johnsons' motion to remand contends that the Notice of Removal fails to establish Wallaert's Florida citizenship by means of an affidavit.  In response, Wallaert notes that the Johnsons had him served at his residence in Florida, and has submitted an affidavit that includes a copy of his Florida voter information card, his Florida vehicle registration, and his water bill.  In reply, the Johnsons allow that "Defendant's citizenship was in question until the most recent filing of the Defendant which is his burden of proof."  ECF No. 19 at 1.

<u>Discussion</u>

I.   Motion to Remand

Removal of any civil action from state court to federal court is proper where the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Here, Wallaert is asserting diversity of citizenship, and thus bears the burden of demonstrating that the requirements of the statute are met, namely, that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citations omitted).

Here, Wallaert has carried his burden of proof with respect to citizenship, as the record shows that he is a full-time Florida resident and a Florida voter.  Moreover, the Johnsons do not dispute Wallaert's contention that the amount in controversy exceeds $75,000.  The Court therefore finds that the case was properly removed, and the motion to remand is **denied.**

II.  Motion to Strike

While the Johnsons do not contest the amount in controversy, they do object to exhibits offered by Wallaert to show that amount.  Specifically, the Johnsons have moved to strike Exhibits B, C, and D attached to the Notice of Removal.  Those Exhibits include a notice of claim dated September 17, 2013 (Exhibit B), a letter demanding the insurance policy limit dated February 7, 2014 (Exhibit C), and the homeowners insurance declarations page (Exhibit D).  The Johnsons argue that these documents are offers of compromise and are therefore barred from consideration by Federal Rule of Evidence 408.  The Johnsons also contend that the exhibits are not self-authenticating, and that Wallaert should instead have offered an affidavit from an adjuster to establish the amount in controversy.

The Complaint in this case does not set forth an amount in controversy.  "[I]f the pleadings are inconclusive, then the courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy."

Case 2:14-cv-00243-wks   Document 26   Filed 01/27/15   Page 4 of 5

*Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (citation omitted).  In *Yong Qin Luo*, the Second Circuit held that an oral settlement demand, together with statements by counsel during an initial status conference, established the amount in controversy. *Id.* at 775-76.  Indeed, "most courts have sensibly concluded that Rule 408 does not prevent them from considering a settlement demand for purposes of assessing the amount in controversy." *Vermande v. Hyundai Motor America, Inc.*, 352 F. Supp. 2d 195, 202 (D. Conn. 2004) (collecting cases).  Accordingly, even if the Court were to consider Wallaert's exhibits as offers of compromise, Rule 408 does not preclude their consideration for the limited purpose of determining subject matter jurisdiction. As to any questions of authenticity, Plaintiffs' motion to strike refers to the demand letters as their own (ECF No. 4 at 2), and an affidavit from a Casualty Manager for the insurer (ECF No. 17-1 at 2) authenticates the declarations page.  The motion to strike these exhibits from consideration on the question of subject matter jurisdiction is therefore **denied.**

Conclusion

For the reasons set forth above, the Johnsons' motion to remand (ECF No. 3) and motion to strike (ECF No. 4) are **denied.**

Dated at Burlington, in the District of Vermont, this 26th day of January, 2015.

/s/ William K. Sessions III

William K. Sessions III

District Court Judge